## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| SUBURBAN EXPRESS, INC.; ALLERTON CHARTER COACH, INC.; DENNIS TOEPPEN; and STATE OF ILLINOIS *ex rel.* LISA MADIGAN, Attorney General of the State of Illinois, | ) ) ) ) ) | |
| Defendants. | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, Hartford Casualty Insurance Company ("Hartford"), by its attorneys, Michael J. Duffy and Christopher M. Sweeney of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Complaint for Declaratory Judgment against the Defendants Suburban Express, Inc. ("Suburban Express"); Allerton Charter Coach, Inc. ("Allerton"); and Dennis Toeppen ("Toeppen") (collectively, the "Toeppen Entities"); and State of Illinois *ex rel.* Lisa Madigan, Attorney General of the State of Illinois ("State") states as follows:

### STATEMENT OF THE CASE

1.     This action seeks a declaration, pursuant to 28 U.S.C. § 2201, that Hartford owes no insurance coverage obligations to the Toeppen Entities under policies of insurance issued by Hartford to Defendant Suburban Express in connection with a lawsuit filed against the Toeppen Entities by the State styled, *People of the State of Illinois ex rel. Lisa Madigan, Attorney General of the State of Illinois v. Suburban Express, Inc., et al.*, Case No. 18 CV 2861, pending in the United

States District Court for the Northern District of Illinois (the *Toeppen Lawsuit*). A copy of the Complaint in the *Toeppen Lawsuit* is attached hereto as Exhibit A (redactions in original).

## PARTIES

2.     Hartford is an insurance company formed under the laws of the State of Indiana, with its principal place of business in Connecticut. Hartford conducts business in Illinois and within the geographical boundaries of this District.

3.     Defendant Suburban Express is an Illinois corporation with its principal place of business in Illinois. Suburban Express conducts business within the geographical boundaries of this District and seeks coverage under an insurance policy issued in Illinois for a suit pending in this District.

4.     Defendant Allerton is an Illinois corporation with its principal place of business in Illinois. Allerton conducts business within the geographical boundaries of the District and seeks coverage under an insurance policy issued in Illinois for a suit pending in this District.

5.     Defendant Toeppen is a citizen of Illinois who does business in this District and seeks coverage under an insurance policy issued in Illinois for a suit pending in this District.

6.     Defendant State of Illinois is a sovereign state. The State is joined herein as an interested party to be bound by the judgment of this Court.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest and the parties are citizens of different states.

8.     Venue is proper in this District pursuant to 28 U.S.C. §1391 as the case concerns coverage under insurance policies issued in Illinois for a suit pending in this District and the parties conduct business in this District.

## BACKGROUND

9.     On April 23, 2018 the State filed its Complaint in the *Toeppen Lawsuit* against the Toeppen Entities. According to its Complaint, the Toeppen Entities are in the business of providing commercial bus travel between multiple universities in the Midwest and the Chicago Suburbs.  See, Ex. A.

10.     The State contends that between April 2013 and April 2018, Toeppen, through his companies Suburban Express and Allerton, has led a campaign of customer mistreatment through various means, including racial and religious discrimination, publishing former clients' protected personal information, online harassment, and other unlawful and unfair business practices.  See, Ex. A.

11.     Hartford issued a primary liability insurance policy to Suburban Express bearing Policy No. 83 SBA UR 7560 effective annually from November 1, 2012 through November 1, 2015 (the "7650 Policy").  A copy of each 7650 Policy issued from 2012 through 2015 is attached hereto as Group Exhibit B.

12.     Hartford issued a primary liability insurance policy to Suburban Express bearing Policy No. 38 SBA BX 8618 effective annually from November 1, 2015 through November 1, 2017 (the "38-8618 Policy").  A copy of each 38-8618 Policy issued from 2015 through 2017 is attached hereto as Group Exhibit C.

3

13. Hartford issued a primary liability insurance policy to Suburban Express bearing Policy No. 83 SBA BX 8618 for the period from November 1, 2017 through November 1, 2018 (the "83-8618"). A copy of the 83-8618 Policy is attached hereto as Exhibit D.

14. The 7650, 38-8618, and 83-8618 Policies (collectively the "Hartford Policies") subject to all of their terms, provide certain business liability coverage and state, in part, as follows:

**BUSINESS LIABILITY COVERAGE FORM**

\*     \*     \*

A. **COVERAGES**

1. **BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)**

   **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury," "property damage" or "personal and advertising injury" to which this insurance does not apply.

   \*     \*     \*

   b. This insurance applies:

   (1) To "bodily injury" and "property damage" only if:

4

        (a)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (b)    The "bodily injury" or "property damage" occurs during the policy period; and

\*     \*     \*

(2)    To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

\*     \*     \*

**B.**    **EXCLUSIONS**

    **1.**    **Applicable to Business Liability Coverage**

This insurance does not apply to:

a.    Expected Or Intended Injury

\*     \*     \*

(2)    "Personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".

\*     \*     \*

p.    Personal and Advertising Injury

"Personal and advertising injury":

\*     \*     \*

2556101v.1

(1)     Arising out of oral, written or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity;

\*          \*          \*

(11)    Arising out of the violation of a person's right of privacy created by any state or federal act.

However, this exclusion does not apply to liability for damages that the insured would have in the absence of such state or federal act;

\*          \*          \*

(15)    Arising out of discrimination or humiliation committed by or at the direction of any "executive officer," director, stockholder, partner or member of the insured.[1]

\*          \*          \*

t.      Violation of Statutes that Govern E-Mails, Fax, Phone Calls or Other Methods of Sending Materials or Information

"Bodily injury," "property damage," or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

\*          \*          \*

(3)     Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the     sending,     transmitting,

---

[1] For the Hartford Policies in effect after November 1, 2015, subparagraph (15) of this section is deleted and replaced as provided in Business Liability Coverage Form Amendatory Endorsement SS 00 60 09 15. See Exhibits C and D.

2556101v.1

communicating or distribution of material or information.

\*     \*     \*

**C.     WHO IS AN INSURED**

1.     If you are designated in the Declarations as:

a.     An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

b.     A partnership or joint venture, you are an insured. Your members are also insureds, but only with respect to the conduct of your business.

c.     A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

d.     An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

e.     A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

\*     \*     \*

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or

2556101v.1

limited liability company that is not shown as a Named Insured in the Declarations.

\*　　　\*　　　\*

E.　　**LIABILITY AND MEDICAL EXPENSES GENERAL CONDITIONS**

\*　　　\*　　　\*

2.　　Duties In The Event Of Occurrence, Offense, Claim Or Suit

a.　　Notice Of Occurrence Or Offense

You or any additional insured must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1)　　How, when and where the "occurrence" or offense took place;

(2)　　The names and addresses of any injured persons and witnesses; and

(3)　　The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.　　Notice of Claim

If a claim is made or "suit" is brought against any injured, you or any additional insured must:

(1)　　Immediately record the specifics of the claim or "suit" and the date received; and

(2)　　Notify us as soon as practicable.

You or any additional insured must see to it that we receive a written notice of the claim or "suit" as soon as practicable.

8

You or any additional insured must see to it that we receive a written notice of the claim or "suit" as soon as practicable.

c.   Assistance And Cooperation Of The Insured

You and any other involved insured must:

(1)   Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2)   Authorize us to obtain records and other information;

(3)   Cooperate with us in the investigation, settlement of the claim or defense against the "suit"; and

(4)   Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

d.   Obligations At The Insured's Own Cost

No Insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

*          *          *

f.   Knowledge Of An Occurrence, Offense, Claim Or Suit

Paragraphs a. and b. apply to you or to any additional insured only when such "occurrence," offense, claim or "suit" is known to:

(1)   You or any additional insured that is an individual;

9

(2)    Any partner, if you or an additional insured is a partnership;

(3)    Any manager, if you or an additional insured is a limited liability company;

(4)    Any "executive officer" or insurance manager, if you or an additional insured is a corporation;

(5)    Any trustee, if you or an additional insured is a trust; or

(6)    Any elected or appointed official, if you or an additional insured is a political subdivision or public entity.

\*    \*    \*

**G.    LIABILITY AND MEDICAL EXPENSES DEFINITIONS**

\*    \*    \*

5.    "Bodily injury" means physical:

a.    Injury;

b.    Sickness; or

c.    Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

\*    \*    \*

9.    "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

\*    \*    \*

16.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;

   b. Malicious prosecution;

   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person or organization occupies, committed by or on behalf of its owner, landlord or lessor;

   d. Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   e. Oral, written or electronic publication of material that violates a person's right of privacy;

   f. Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement";

   g. Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement"; or

   h. Discrimination that results in humiliation or other injury to the feelings or reputation of a natural person.[2]

20. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be

---

[2] For the Hartford Policies in effect after November 1, 2015, subparagraph h. of this definition is deleted as provided in Business Liability Coverage Form Amendatory Endorsement SS 00 60 09 15. See Exhibits C and D.

2556101v.1

deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of "occurrence" that caused it.

\*    \*    \*

See Exs. B-D.

15. The 38-8618 Policies effective annually from November 1, 2015 through November 1, 2017, and the 83-8618 Policy in effect from November 1, 2017 through November 1, 2018 contain a Business Liability Coverage Form Amendatory Endorsement, which modifies certain business liability coverage, in part, as follows:

\*    \*    \*

A. Sub-subparagraph[] . . . (15) of Paragraph2., of Section B. **Exclusions** [is] deleted and replaced with the following:

\*    \*    \*

(15) Arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information. This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

\*    \*    \*

See Exs. C and D.

2556101v.1

16.     The Toeppen Entities tendered the *Toeppen Lawsuit* to Hartford requesting defense and/or indemnification under the Hartford Policies.

17.     Hartford denies any obligation to provide the Toeppen entities with a defense and/or indemnification in connection with the *Toeppen Lawsuit*.

18.     An actual controversy exists between the parties concerning the parties' rights and obligations with respect to coverage for the claims in the *Toeppen Lawsuit* under the Hartford Policies at issue, and pursuant to 28 U.S.C. § 2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

<u>COUNT I</u>
**NO "BODILY INJURY" CAUSED BY AN "OCCURRENCE"**

19.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

20.     Subject to all of their terms, the Hartford Policies provide coverage for claims for "damages" because of "bodily injury" caused by an "occurrence" as those terms are defined and used in the Hartford Policies.

21.     The *Toeppen Lawsuit* does not allege claims for "damages" because of "bodily injury" caused by an "occurrence."

22.     Therefore, Hartford has no duty to defend or indemnify Suburban Express, Allerton, or Toeppen for the *Toeppen Lawsuit*.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

A.     Finding that Hartford owes no duty to defend or indemnify Suburban Express, Allerton, or Toeppen for all claims in the *Toeppen Lawsuit*; and

B.     For all such just and equitable relief, including costs for this suit.

### COUNT II
### NO "PROPERTY DAMAGE" CAUSED BY AN "OCCURRENCE"

23.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

24.     Subject to all of their terms, the Hartford Policies provide coverage for claims for "damages" because of "property damage" caused by an "occurrence" as those terms are defined and used in the Hartford Policies.

25.     The *Toeppen Lawsuit* does not allege claims for "damages" because of "property damage" caused by an "occurrence."

26.     Therefore, Hartford has no duty to defend or indemnify Suburban Express, Allerton, or Toeppen for the *Toeppen Lawsuit*.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

A.     Finding that Hartford owes no duty to defend or indemnify Suburban Express, Allerton, or Toeppen for all claims in the *Toeppen Lawsuit*; and

B.     For all such just and equitable relief, including costs for this suit.

### COUNT III
### NO CLAIM FOR DAMAGES BECAUSE OF PERSONAL OR ADVERTISING INJURY

27.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

28.     Subject to all of their terms, the Hartford Policies provide coverage for claims for "damages" because of "personal and advertising injury" as those terms are defined by the Hartford Policies.

14

29. Most, if not all, claims in the *Toeppen Lawsuit* do not allege claims for "damages" because of "personal and advertising injury" against the Toeppen Entities as those terms are defined and used in the Hartford Policies.

30. Therefore, Hartford owes no coverage to Suburban Express, Allerton, and Toeppen for the *Toeppen Lawsuit*.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

    A. Finding that Hartford owes no coverage to Suburban Express, Allerton, and Toeppen for all claims in the *Toeppen Lawsuit*; and

    B. For all such just and equitable relief, including costs for this suit.

## COUNT IV
## EXPECTED OR INTENDED EXCLUSION PRECLUDES COVERAGE UNDER THE HARTFORD POLICIES

31. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

32. The Hartford Policies preclude coverage for claims for "damages" because of "bodily injury" or "property damage" expected or intended from the standpoint of the insured and for "personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal advertising injury."

33. Even if the claims in the *Toeppen Lawsuit* alleged "bodily injury" or "property damage" caused by an "occurrence" or "personal and advertising injury," such claims fall within the Expected or Intended Exclusion.

34. Therefore, Hartford has no duty to defend or indemnify Suburban Express, Allerton, or Toeppen for the *Toeppen Lawsuit*.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

    A.    Finding that Hartford owes no duty to defend or indemnify Suburban Express, Allerton, and Toeppen for all claims in the *Toeppen Lawsuit*; and

    B.    For all such just and equitable relief, including costs for this suit.

## COUNT V
## DISCRIMINATION AT INSURED'S DIRECTION EXCLUSION PRECLUDES COVERAGE UNDER THE HARTFORD POLICIES

35.    Plaintiff incorporates and restates the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

36.    The Hartford Policies in effect prior to November 1, 2015 preclude coverage for "personal and advertising injury" arising out of discrimination committed by or at the insured's direction, or the direction of any partner, member, manager, "executive officer", or director, stockholder, or trustee of the insured.

37.    Any alleged discrimination within the *Toeppen Lawsuit* falls within the Discrimination at Insured's Direction Exclusion.

38.    Therefore, Hartford has no duty to defend or indemnify Suburban Express, Allerton, or Toeppen for the *Toeppen Lawsuit*.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

    A.    Finding that Hartford owes no duty to defend or indemnify Suburban Express, Allerton, and Toeppen for all claims in the *Toeppen Lawsuit*; and

    B.    For all such just and equitable relief, including costs for this suit.

## COUNT VI
## ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA-RELATED EXCLUSIONS PRECLUDE COVERAGE UNDER THE HARTFORD POLICIES

39. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

40. The Hartford Policies in effect beginning November 1, 2015 preclude coverage for "personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information.

41. The claims within the *Toeppen Lawsuit* concerning the disclosure of confidential or personal information fall within the Access or Disclosure of Confidential or Personal Information and Data-Related Liability Exclusions.

42. Therefore, Hartford has no duty to defend or indemnify Suburban Express, Allerton, and Toeppen for the *Toeppen Lawsuit*.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

    A. Finding that Hartford owes no duty to defend or indemnify Suburban Express, Allerton, and Toeppen for all claims in the *Toeppen Lawsuit*; and

    B. For all such just and equitable relief, including costs for this suit.

## COUNT VII
## VIOLATION OF STATUTORY RIGHT OF PRIVACY EXCLUSION PRECLUDES COVERAGE UNDER THE HARTFORD POLICIES

43. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

44. The Hartford Policies preclude coverage for "personal and advertising injury" claims "[a]rising out of the violation of a person's right of privacy created by any state or federal

act. However, this exclusion does not apply to liability for damages that the insured would have in the absence of such state or federal act."

45.     To the extent there is any "personal and advertising injury" alleged in the *Toeppen Lawsuit*, the Statutory Right of Privacy Exclusion precludes coverage.

46.     Therefore, Hartford has no duty to defend or indemnify Suburban Express, Allerton, and Toeppen for the *Toeppen Lawsuit.*

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

A.     Finding that Hartford owes no duty to defend or indemnify Suburban Express, Allerton, and Toeppen for all claims in the *Toeppen Lawsuit*; and

B.     For all such just and equitable relief, including costs for this suit.

## COUNT VIII
## STATUTORY VIOLATION OF DISTRIBUTION OF MATERIALS OR INFORMATION EXCLUSION PRECLUDES COVERAGE

47.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

48.     The Hartford Policies exclude coverage for "personal and advertising injury" claims "arising directly or indirectly out of any action or omission that violates or is alleged to violate . . . [a]ny statute, ordinance or regulation . . . that prohibits or limits the sending, transmitting, communicating or distribution of material or information."

49.     To the extent there is any "personal and advertising injury" alleged in the *Toeppen Lawsuit*, the Statutory Violation of Distribution of Materials or Information Exclusion precludes coverage.

2556101v.1

50.     Therefore, Hartford has no duty to defend or indemnify Suburban Express, Allerton, and Toeppen for the *Toeppen Lawsuit*.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

A.      Finding that Hartford owes no duty to defend or indemnify Suburban Express, Allerton, and Toeppen for all claims in the *Toeppen Lawsuit*; and

B.      For all such just and equitable relief, including costs for this suit.

### COUNT IX
### KNOWLEDGE OF FALSITY EXCLUSION PRECLUDES COVERAGE

51.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

52.     The Hartford Policies exclude coverage for "personal and advertising injury" claims "[a]rising out of oral, written or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity."

53.     To the extent there is any "personal and advertising injury" alleged in the *Toeppen Lawsuit*, the Knowledge of Falsity exclusion precludes coverage for such claims.

54.     Therefore, Hartford has no duty to defend or indemnify Suburban Express, Allerton, and Toeppen for the *Toeppen Lawsuit*.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

A.      Finding that Hartford owes no duty to defend or indemnify Suburban Express, Allerton, and Toeppen for all claims in the *Toeppen Lawsuit*; and

B.      For all such just and equitable relief, including costs for this suit.

19

## COUNT X
## BREACH OF NOTICE CONDITIONS

55.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

56.     Hartford's first notice of the *Toeppen Lawsuit* and the matters alleged therein was on April 24, 2018.

57.     The Toeppen Entities were aware of the complaints regarding the purportedly wrongful activities alleged within the *Toeppen Lawsuit* for a considerable period of time, believed to be years.

58.     The Hartford Policies provide that Hartford must be notified of an "occurrence," or an offense which may result in a claim, and/or a claim or "suit" "as soon as practicable".

59.     The Hartford Policies further require that any insured must immediately send Hartford copies of any demands, notices, summonses or legal papers received in connection with a claim or "suit".

60.     The Toeppen Entities failed to give timely notice to Hartford of any alleged "occurrence," offense, demand, claim or suit against them and failed to immediately forward to Hartford papers in connection with any claim or suit against it as required by the Hartford Policies.

61.     As a result of the breach of the Notice Condition, Hartford owes no coverage to Suburban Express, Allerton, and Toeppen for the *Toeppen Lawsuit*.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

    A.    Finding that Hartford owes no duty to defend or indemnify Suburban Express, Allerton, and Toeppen for all claims in the *Toeppen Lawsuit*; and

    B.    For all such just and equitable relief, including costs for this suit.

### COUNT XI
### NO COVERAGE FOR NON-INSUREDS

62.    Plaintiff incorporates and restates the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

63.    Allerton is neither named as an insured nor does it otherwise qualify as an insured under Policy 7650 in effect annually from November 1, 2012 through November 1, 2015, or Policy 38-8618 in effect from November 1, 2015 through November 1, 2016.

64.    To the extent Toeppen is sued in his individual capacity in the *Toeppen Lawsuit*, he is not an insured under the Hartford Policies and, accordingly, no coverage is owed to him in that capacity for those claims within the *Toeppen Lawsuit*.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

    A.    Finding that Hartford owes no coverage to Allerton for all claims in the *Toeppen Lawsuit* under Policy 7650 in effect annually from November 1, 2012 through November 1, 2015, and Policy 38-8618 in effect from November 1, 2015 through November 1, 2016;

    B.    Finding that Hartford owes no coverage to Toeppen in his individual capacity for such claims against him in the *Toeppen Lawsuit*; and

    C.    For all such just and equitable relief, including costs for this suit.

## COUNT XII
## NO COVERAGE FOR UNCOVERED "DAMAGES"

65.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

66.     Subject to all of their terms, the Hartford Policies only requires that the insurer pay "damages" which an insured becomes legally obligated to pay.

67.     The *Toeppen Lawsuit* seeks declaratory relief, injunctive relief, enhanced/punitive damages, attorneys' fees and costs.

68.     These claims do not seek "damages" under the Hartford Policies as that term is used in the Hartford Policies, or are uninsurable under Illinois public policy.

69.     Therefore, Hartford owes no coverage to Suburban Express, Allerton, and Toeppen for such claims in the *Toeppen Lawsuit*.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

A.     Finding that Hartford owes no coverage to Suburban Express, Allerton, and Toeppen for claims seeking declaratory relief, injunctive relief, enhanced/punitive damages, attorneys' fees and costs in the *Toeppen Lawsuit*; and

B.     For all such just and equitable relief, including costs for this suit.

Respectfully Submitted,

By: /s/ Michael J. Duffy
        One of the Attorneys for Hartford Casualty
        Insurance Company

22

Michael J. Duffy (6196669)
michael.duffy@wilsonelser.com
Christopher M. Sweeney (6322839)
christopher.sweeney@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550
(312) 704-1522 (fax)

2556101v.1